IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAY CHARLES SNEED,<br>        Plaintiff,  | §<br>§<br>§ | |
| v. | § | No.  EP-17-CV-00072-PRM-ATB |
| | § | |
| JESSICA IBARRA,<br>KAILA CLAY,<br>WARREN CRANDALL,<br>ERIKA FACIO, and<br>CARLOS FIERRO,<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

### REPORT AND RECOMMENDATION
### OF THE MAGISTRATE JUDGE

On this day, the Court considered the status of the above-styled and numbered cause.  On March 9, 2017, Plaintiff Ray Charles Sneed, proceeding *pro se*, filed an application to proceed *in forma pauperis* along with a financial affidavit and a Complaint pursuant to 42 U.S.C. § 1983. (ECF. No. 1).  On March 13, 2017, this Court granted Plaintiff's application, and his Complaint was thereafter filed.  (ECF. Nos. 2, 3).  In the Order, the Court noted that "[p]rior to ordering service of process on Defendants, the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915."  (ECF. No. 2).  The Court has now screened Plaintiff's Complaint and submits this Report and Recommendation.

After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous and for failure to state a claim.

**I.     BACKGROUND**

On January 27, 1988, Plaintiff was found guilty of aggravated sexual assault of a child following a jury trial.  *State of Texas v. Ray Charles Sneed*, 00803-D (Taylor County, 1987).

Plaintiff was sentenced to ninety-nine years of incarceration and was eligible for parole on November 21, 2013. *Id*. At some point thereafter, Plaintiff was paroled and subsequently had his parole revoked.

Although Plaintiff does not identify dates, Plaintiff alleges that his parole officer, Jessica Ibarra, denied him his mandatory ten hour per week law library access and access to the Department of Veterans Affairs ("VA") for medical care and housing benefits. (ECF. No. 3, Plaintiff's Complaint "Compl." 6-7). Plaintiff also alleges that Client Monitor Supervisor Kalia Clay and Operation Supervisor Warren Crandall at Avalon Correctional Services, Inc., fabricated allegations and government documents which resulted in the revocation of his parole and discriminated against him due to his race. (Compl. 8).

Plaintiff further alleges that Parole Officer Erika Facio denied him access to the courts, denied him access to the VA for housing benefits, fabricated charges against him, and discriminated against him due to his race. (*Id.*). Moreover, Plaintiff alleges that Carlos Fierro, a Texas Board of Pardons and Paroles Commissioner, denied him access to the courts, denied him due process during his parole revocation hearing by knowingly relying on fabricated allegations, and discriminated against him due to his race. (*Id.*). Lastly, Plaintiff appears to assert a defamation claim, a due process claim for "[implementing] more and [stricter] sex offender conditions without due process," and a retaliation claim against all Defendants.[1] (Compl. 3, 9). Plaintiff seeks nominal, compensatory, and punitive damages. (Compl. 3).

## II.   LEGAL STANDARD

28 U.S.C. § 1915 instructs that a court "shall" dismiss an *in forma pauperis* complaint at *any time*, if it determines that the complaint is frivolous or it fails to state a claim on which relief

---

[1] Plaintiff is unclear regarding which Defendants he asserts these claims against. However, considering Plaintiff's *pro se* status, the Court will broadly construe these claims against all Defendants.

may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Further, the court may *sua sponte* dismiss on these grounds, even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915(e)(2)(B) standard for dismissing a frivolous complaint applies to both prisoner and non-prisoner complaints. *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (per curiam) (affirming dismissal based on § 1915(e)(2)(B) in a non-prisoner case).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992)).

To determine whether a complaint fails to state a claim upon which relief may be granted, courts engage in the same analysis as when ruling on a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011) (per curiam). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). To meet this pleading standard, the complaint must state more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).

### III. ANALYSIS

As Plaintiff asserts numerous distinct claims, the Court will address each in turn.

#### a. Fabricating Allegations, Evidence, Charges, and Records

Plaintiff alleges that Defendants fabricated allegations, evidence, charges, and government records which resulted in the revocation of his parole. (Compl. 3, 8). Plaintiff also alleges that Defendant Fierro denied him due process at his parole revocation hearing by knowingly relying on false allegations. (Compl. 8).

"In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The Supreme Court's decision in *Heck* has been frequently applied by the Fifth Circuit Court of Appeals to civil rights lawsuits complaining about parole revocations. *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam); *see also Edwards v. Tex. Bd. of Pardons & Paroles*, 2016 U.S. Dist. LEXIS 966, at *18 (S.D. Tex. 2016) ("The *Heck* doctrine also operates to bar prisoners from challenging the revocation of their parole through a § 1983 action."). Moreover, the Fifth Circuit has held that claims of false evidence presented during various proceedings necessarily implicate the validity of those proceedings. *See Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004) (per curiam) (finding claims that false evidence was presented at trial and state habeas proceeding barred by *Heck*); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999) (per curiam) (finding claim based on theory that there was no probable cause for the arrest barred by *Heck*); *see also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him). Similarly, when faced with a challenge to a plaintiff's parole revocation based on alleged officer perjury, the Tenth Circuit held that *Heck* barred Plaintiff's claim. *Roberts v. O'Bannon*, 199 F. App'x 711, 713 (10th Cir. 2006). Specifically, the Tenth Circuit held that challenging evidence presented during plaintiff's parole revocation proceeding necessarily implicated the validity of his parole revocation, and therefore, the validity of his current confinement. *Id.*

Here, based on the above case law, challenging the validity of the allegations, charges, and records presented during Plaintiff's parole revocation proceedings would necessarily implicate the validity of his parole revocation, and therefore, the validity of his current confinement. Moreover, Plaintiff has not established that his conviction has been overturned or

otherwise vacated. Accordingly, the Court finds that Plaintiff's claims, in this respect, are barred by *Heck*.[2]

### b. Access to the Courts

Plaintiff asserts that Defendants denied him access to the Courts. (Compl. 6-7, 9). Plaintiff also states that Defendant Ibarra denied him his mandatory ten hours of law library access per week. (Compl. 6-7).

It has long been recognized that prisoners enjoy the constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). The Supreme Court has not, however, established that prisoners have a freestanding right to a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Rather, access to a prison law library is only a means for assuring "a reasonably adequate opportunity [for an inmate] to file nonfrivolous legal claims challenging . . . convictions or conditions of confinement." *Id*. at 356; *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997). Thus, claims alleging violations of a right of access to the courts are not cognizable unless the inmate's position as a litigant was actually prejudiced by the denial of access to the courts. *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998). To prove actual prejudice, an inmate must prove that his ability to pursue a claim was hindered or barred by the defendant's actions. *See Lewis*, 518 U.S. at 351-52.

Here, Plaintiff has not alleged any facts regarding how Defendants denied him law library access, which is essential under a § 1983 cause of action. *See Thompson v. Steele*, 709 F.2d 381,

---

[2] Although *Heck* bars Plaintiff's lawsuit, it is also appropriate for the Court to consider the applicability of absolute immunity. *McGrew*, 47 F.3d at 161. However, in the immediate case, it is unclear what capacity some Defendants acted in and at what stage of the proceedings the allegedly false information was provided. As such, without more facts alleged by Plaintiff, the Court cannot fully consider the applicability of absolute immunity. Compare *Hulsey v. Owens*, 63 F.3d 354, 357 (5th Cir. 1995) (per curiam), with *Farrish v. Miss. State Parole Bd.*, 836 F.2d 969, 976 (5th Cir. 1988). Nonetheless, as the Court finds that Plaintiff fails to state a claim, the issue of absolute immunity is immaterial for the purposes of this Report and Recommendation.

382 (5th Cir. 1983) ("personal involvement is an essential element of a civil rights cause of action."). Moreover, Plaintiff has not established that he was prejudiced by the denial of law library access. As such, the Court finds that Plaintiff's claim for denial of access to the courts is conclusory.

Insofar as Plaintiff contends that he is entitled to ten hours of law library access per week, this claim is also without merit. (Compl. 6-7). To the extent that Defendants have allegedly violated an internal policy by denying him ten hours of law library access, this alone does not state a constitutional claim. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Furthermore, to the extent that Plaintiff identifies ten hours of law library access as a constitutional floor, "[t]here is no constitutional right guaranteeing prisoners ten hours per week of access to the law library." *Whitlock v. Stephens*, 2016 U.S. Dist. LEXIS 169908, at *25 (E.D. Tex. 2016). As such, the Court finds that Plaintiff's allegations are entirely conclusory and that Plaintiff fails to state a claim for denial of access to the Courts.

   c.   VA Medical Care

Plaintiff alleges that Defendants denied him access to VA medical care by preventing Plaintiff from attending his scheduled appointments with his medical provider.[3] (Compl 6-7). Broadly construing Plaintiff's claims regarding his denial of access to VA medical care, Plaintiff appears to assert a claim for deliberate indifference.

"In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 754 (5th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06

---

[3] Plaintiff also appears to challenge Defendant Facio's denial of his access to VA housing benefits. (Compl. 8). First, the Court notes that this does not appear to be a constitutional claim. Second, to the extent that Plaintiff is challenging a VA benefits determination, the Court is without jurisdiction to hear such a claim. *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995). As such, the Court finds that Plaintiff fails to state a claim in this respect.

(1976)). To prove deliberate indifference, a prisoner must establish two elements: (1) that he or she was deprived of a medical need that is "objectively, sufficiently serious," and (2) that the defendant had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). "Deliberate indifference is an extremely high standard to meet." *Domino*, 239 F.3d at 756.

Here, Plaintiff alleges no facts to suggest that he had a sufficiently serious medical need or that Defendants had a sufficiently culpable state of mind. Rather, Plaintiff's sole allegation is that Defendants denied him his scheduled appointments with VA providers. Standing alone, the denial of a medical appointment does not state a claim for deliberate indifference. *See e.g., Modd v. Cty. of Ottawa*, 2012 U.S. Dist. LEXIS 158610, at *57 (W.D. Mich. 2012) ("The Constitution does not impose an affirmative obligation to afford all desired medical care."). As such, the Court finds that Plaintiff's allegations are entirely conclusory and that Plaintiff fails to state a claim for deliberate indifference.

### d. Racial Discrimination

Plaintiff alleges that Defendants engaged in racial discrimination against him "because of a certain class of people [which] I am a part of." (Compl. 3, 8-9).

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "To prove a prima facie case of discrimination under the equal protection clause, a plaintiff must show (1) that he is a member of a protected class, (2) that he is otherwise similarly situated to members of the unprotected class, and (3) that he was treated differently from members of the unprotected class." *Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1302 (S.D. Tex. 1996) (citing *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993)); *Fennell v. Marion*

*Indep. Sch. Dist.*, 2014 U.S. Dist. LEXIS 120033, at *15-16 (W.D. Tex. 2014). A Plaintiff must also establish racially discriminatory intent or purpose. *See Vera v. Tue*, 73 F.3d 604, 609 (5th Cir. 1996).

Here, although identifying race as a protected class, Plaintiff does not allege that he was similarly situated or treated differently from members of an unprotected class. Moreover, Plaintiff does not identify, or even allege, facts to suggest that Defendants acted with a discriminatory intent or purpose. Lastly, and most critically, Plaintiff does not identify any actions taken by the named Defendants, which is essential for a cause of action under § 1983. *See Thompson*, 709 F.2d at 382. As such, the Court finds that Plaintiff's allegations are entirely conclusory and that Plaintiff fails to state a claim for racial discrimination.

### e. Due Process

Plaintiff also alleges that Defendants prevented him from gaining employment by "[implementing] more and [stricter] sex offender conditions without due process." (Compl. 9).

In order to properly state a claim under the Due Process Clause, a Plaintiff must allege that: (1) he suffered a deprivation of a constitutionally protected interest in "life, liberty, or property;" and (2) such deprivation occurred without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990); *Rocha v. City of San Antonio*, 2015 U.S. Dist. LEXIS 86287, at *17 (W.D. Tex. 2015).

First, insofar as Plaintiff challenges the imposition of sex offender conditions or their strict nature, "sex offender conditions of parole [do] not infringe a liberty interest where the parolee [has] been convicted of a sex offense." *Toney v. Owens*, 779 F.3d 330, 338 (5th Cir. 2015) (citing *Jennings v. Owens,* 602 F.3d 652, 659 (5th Cir. 2010)); *see also Doe v. Tandeske*, 361 F.3d 594, 597 (9th Cir. 2004) (per curiam) ("'persons who have been convicted of serious

sex offenses do not have a fundamental right to be free from the registration and notification requirements . . . ."); *Storm v. Reinke*, 2015 U.S. Dist. LEXIS 27843, at *14 (D. Idaho 2015) (There is "no case prohibiting strict conditions for sex offenders when they are released on parole or probation."). In this respect, on January 27, 1988, Plaintiff was found guilty of aggravated sexual assault of a child following a jury trial. *State of Texas v. Ray Charles Sneed*, 00803-D (Taylor County, 1987). This is a reportable conviction for the purposes of registering as a sex offender for convictions occurring on or after September 1, 1970, and Plaintiff does not dispute this in the immediate litigation. *See* Tex. Code Crim. Proc. Art. 62.001(5)(A), 62.002; *see also Turner v. Texas*, 101 S.W.3d 750, 758 (Tex. App. 2003). Therefore, given that Plaintiff is a validly convicted sex offender, Plaintiff has not identified a protected liberty interest in being free from strict sex offender conditions.

However, even assuming *arguendo* that Plaintiff has identified a protected interest, Plaintiff alleges no facts regarding: (1) what process was employed; (2) what process was due; (3) how any existent process was deficient; or (4) what actions, if any, were taken by the named Defendants.[4] As such, the Court finds that Plaintiff's allegations are entirely conclusory and that Plaintiff fails to state a claim for a violation of his due process rights.

    f.    **Retaliation**

Plaintiff alleges that Defendants retaliated against him "for standing up for [his] constitutional rights." (Compl. 3, 9).

"To state a valid claim for retaliation, . . . a prisoner must allege (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4) causation." *Jones v. Greninger*, 188

---

[4] To the extent that Plaintiff challenges his sex offender conditions as leading to the revocation of his parole, this claim is barred by *Heck* for the reasons set forth above.

F.3d 322, 324–25 (5th Cir. 1999) (per curiam). The plaintiff must also establish "that but for the retaliatory motive[,] the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Here, although arguably identifying the grievance process as a protected right, Plaintiff alleges no facts to suggest Defendants' retaliatory intent, a retaliatory adverse act, or causation. Also, Plaintiff, again, fails to allege any facts regarding actions taken by the named Defendants. As such, the Court finds that Plaintiff's allegations are entirely conclusory and that Plaintiff fails to state a claim for retaliation.

   g. **Defamation**

Plaintiff also appears to assert a claim for Defamation. (Compl. 3). However, defamation is not, standing alone, a constitutional tort. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Kerr v. Lyford*, 171 F.3d 330, 339 (5th Cir. 1999) (noting that defamation "is not a constitutional tort") *rev'd on other grounds Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003); *Wheeler v. Miller*, 168 F.3d 241, 250 (5th Cir. 1999); *Cousin v. Small*, 2001 U.S. Dist. LEXIS 7903, at *24 (E.D. La. 2001) ("Defamation, in itself, is not a constitutional tort."); *McHenry v. Shephard*, 2015 U.S. Dist. LEXIS 98157, at *3 n.1 (E.D. Tex. 2015). To the extent that Plaintiff asserts Defamation as a supplemental state law claim, rather than under § 1983, Plaintiff's allegations necessarily fail because he does not identify any allegedly defamatory statement(s) made by Defendants. *See Davis v. Prosperity Bank*, 383 S.W.3d 795, 804 (Tex. App. 2012). As such, the Court finds that Plaintiff's allegations are entirely conclusory and that Plaintiff fails to state a claim for defamation.

### h.     Eleventh Amendment

To the extent that Plaintiff brings his claims against Defendants Ibarra, Facio, and Fierro in their official capacities, Plaintiff's claims also fail under the Eleventh Amendment.

The Eleventh Amendment "bars suits in federal court by citizens of a state against their own state or a state agency or department." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991) (internal quotation marks omitted). An official capacity suit for damages is essentially a suit against the state and is subject to sovereign immunity. *See Marquez v. Woody*, 440 F. App'x 318, 324 n.9 (5th Cir. 2011) (per curiam). Under this standard, "[t]he Texas Board of Pardon[s] and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity." *McGrew*, 47 F.3d at 161. Similarly, the Eleventh Amendment bars claims against Texas parole officers in their official capacities. *Garcia v. Dall. Police Dep't*, 2013 U.S. Dist. LEXIS 143381, at *8 (N.D. Tex. 2013) (collecting cases).

Here, Defendants Ibarra and Facio are Texas state parole officers and Defendant Fierro is a Texas Board of Pardons and Paroles Commissioner. Accordingly, to the extent Plaintiff brings his suit for damages against these Defendants in their official capacities, the Court finds that his official capacity claims are barred by the Eleventh Amendment.

## IV.     CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Complaint should be **DISMISSED** for being frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** and **ENTERED** this 29th day of March, 2017.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**